UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-95-G |
| | ) | |
| DAVID P. NEWMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff United States of America initially filed this action in February 2019, seeking to enforce a tax lien against Defendant David P. Newman. On May 2, 2019, Defendant Newman filed an Answer that raised six affirmative defenses and asserted five counterclaims against Plaintiff. *See* Answer (Doc. No. 18) at 5-15.

Plaintiff then filed a Motion to Dismiss (Doc. No. 19), seeking to strike the affirmative defenses and to dismiss the counterclaims on various grounds. Defendant Newman has not responded to the Motion within the time allowed, *see* LCvR 7.1(g), and has not sought an extension of time to do so, *see* LCvR 7.1(h).[1]

This Court's local rules permit the Court to exercise its discretion and deem the unopposed Motion confessed. *See* LCvR 7.1(g). The Tenth Circuit has indicated,

---

[1] By Order dated June 5, 2019, the Court conditionally granted the motion of S. Rachel Pappy to withdraw as counsel for Defendant Newman, directing that Newman enter an appearance, through counsel or pro se, by July 5, 2019, and that "[f]or any discovery or filing deadlines that arise before Defendant Newman has filed an entry of appearance in this lawsuit, Ms. Pappy shall either meet those deadlines on behalf of Defendant Newman or seek an extension of time from the Court for Defendant Newman to do so." Order (Doc. No. 24) at 1.

however, that before exercising such discretion a district court should consider three factors: ((1) "the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant") and weigh these factors against "the judicial system's strong predisposition to resolve cases on their merits." *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (alterations and internal quotation marks omitted).

Here, unlike cases where application of the local rule has been found unwarranted, there is no indication that Defendant Newman wishes to or intends to respond to the Motion. Plaintiff as well as the other Defendants in this matter are entitled to move forward with the underlying lawsuit in accordance with the Court's Scheduling Order (Doc. No. 23) and the Federal Rules of Civil Procedure. And dismissing the counterclaims does not prevent Defendant Newman from fully defending himself in this lawsuit.

Having considered the relevant authorities and factors, the Court deems the Motion to Dismiss confessed pursuant to Local Civil Rule 7.1(g). The Motion (Doc. No. 19) is hereby GRANTED IN PART and DENIED IN PART. Defendant Newman's counterclaims against Plaintiff United States of America are dismissed without prejudice. The Court declines to strike or dismiss Defendant Newman's stated affirmative defenses but grants Plaintiff leave to reurge that aspect of its Motion, if appropriate, at a later point in proceedings.

IT IS SO ORDERED this 20th day of June, 2019.

CHARLES B. GOODWIN
United States District Judge